Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning all. I am pleased to be sitting today with my colleagues Judge Britt Grant and Judge Ed Karnes and also to have Miss Geddes as our courtroom deputy and timekeeper. Unfortunately we are back to Zoom today and I thank you to all of the attorneys who were able to make that switch at the last moment and also to our IT department as well. Hopefully Zoom is a temporary situation and we will be back again to having live arguments. For those of you who have not participated by Zoom before or in our court, we operate on the traffic light system. Your time remaining will first appear in green and when you get down to two minutes it will appear in yellow. It will turn red when you've reached the end of your allotted time. I'm going to let you at that point, if you can complete a sentence to wrap it up, but don't finish a long argument or start a new point. We have four cases on our calendar today and our first case is United States of America versus Romeo Valentin Sanchez, Ms. Daines and Ms. Sweeney. Ms. Daines, you have reserved six minutes for rebuttal and if you are ready to proceed, please begin. Thank you. Good morning, your honors. May it please the court. My name is Laura Daines and I'm appearing on behalf of the appellant Romeo Sanchez. I'd like to focus my time on certain sentencing issues discussed in our brief, starting with the enhanced statutory range applied to Mr. Sanchez's section 2251 convictions. The district court erred in applying the enhanced sentence because indecent acts did not qualify for conviction under article 120 in 2016 and 2017 when he committed the section 2251 offenses or in 2019 when he was convicted and sentenced for the offenses. A review of the congressional intent and legislative history demonstrates that not only was indecent acts not a basis for the enhancement when he was convicted, the provision was never intended to be a basis for the enhancement when article 120 was added to section 2251 as a recidivist provision. But he was convicted under article 120 for indecent acts, correct? He was, that's correct, your honor. Okay, and so section 2251e says that if a defendant has one prior conviction under article 120 of the UCMJ, the defendant is subject to a 25-year mandatory minimum sentence and there's no other qualifying language in 2251e. So doesn't the plain text of the statute defeat the argument you're making? No, I believe that there is some lack of clarity as to what it means to have an article 120 conviction. A lack of clarity where? In the statute? In the meaning of article 120 because our position is that you have to read article 120 in 2251 in conjunction. You have to read the two statutes together harmoniously and if you read the statutes together at the relevant time period, so 2016-2017, there is no provision for indecent acts. So the meaning of the statute is that indecent acts is not a basis for an enhanced sentence under 2251 that Congress does not intend for indecent acts to be a basis for the enhanced sentence because it removed that from the language of article 120. But 2251e does not qualify in any way the prior conviction under article 120. It doesn't say read it at the time of conviction under 2251 or at the time of sentencing, correct? It does not, but it does reference article 120 and when you read article 120 at the relevant time periods, there is no crime indecent acts and if you look at the legislative intent in 2013, Congress removed indecent acts from article 120 and additionally in 2003 when article 120 was added as a basis for an enhanced sentence to section 2251e, the article 120 did not include a provision for indecent acts at that time either. Instead, the congressional record reflects that article 120 was added as a basis for the enhancement to penalize individuals with sexual assault crimes under military law. Counsel, the statute says one prior conviction under section 920 of title 10. So the yes no question is did he have one prior conviction under section 920 of article 10 at the time he committed this crime? When he committed this crime, he did not have a conviction under the meaning of article 120. I'm sorry. I'm sorry, counsel. Don't tell me about under the meaning. At the time he committed this crime, did he have a prior conviction under section 120 of article 10? He either did or he he had been convicted under indecent acts. The provision of counsel counsel. That's not my question. My question and it's a simple one is at the time he committed this act or these acts, did he have a prior conviction under section 920 of title 10? He had been convicted. Congress intended just tell me if he did or didn't under that line. He had been convicted under article 120 and under article 120's indecent acts provision. So he had been convicted that and that's all the statute acts. The statute doesn't say anything about under indecent acts provision or not, does it? It's not, but it does reference article 120. So when you read the two statutes together at the time of his 2251 offenses, there is no indecent acts provision. Congress had removed it as a basis for an article 120 conviction. So what? So what? Under the language of the statute and this enhancement, so what? That Congress had removed. When the two statutes are read together, there is no article 120 conviction under the current meaning of the statute. And our position is that this is significant because Congress. Where in the language of the statute does it say that's not within the meaning of the language of statute? Our position is that the reference to article 120 creates an ambiguity as to when you should be reading article 120. And the significant issue here is that indecent acts in 2003 when conviction. And in 2016 and 17, it was also not a basis for an article 120 conviction. You do understand that there is no ambiguity in the text. You are using legislative intent to create an ambiguity and an otherwise clear text. But to the extent that the court believes that the text is clear, then this creates an absurd result. And I think if you look, how is it an absurd? So when you look closer at what indecent acts is, it was it was a provision for conviction under article 120 only from 2007 to 2013. And it was a broad provision that allowed for convictions based off of value judgments. The only elements of the crime were that the defendant engaged in conduct and that conduct was indecent. And then indecent conduct was defined to include that form of immorality relating to sexual impurity, which is grossly vulgar, obscene, and repugnant to common propriety and tends to excite sexual desire or deprave morals with respect to sexual relations. You're probably fencing some tough sledding here. I'd like to ask you about something else before your time is up. Do you disagree with the government's contention that if, for instance, we find that the five level enhancement under 4B1, 5B1 was appropriate, then even if all of the other they were, but assume that they were an error, that that would be a harmless error if we approve, if we affirm the application of that enhancement that I mentioned? The total offense level here, I believe, was 51. And so to change the guidelines range, there would need to be a nine point variant. I think there are several different ways if you do math based off of the enhancements that were applied to come within that range. And that is also, do you mind if I finish answering your own question? Also significant is that Mr. Sanchez requested a variance in this case. And while the district judge was not inclined to grant a nine variance, that calculation could change in the event of a lower request for variance. Thank you, Ms. Daines. You have six minutes left for rebuttal. Ms. Sweeney. Good morning, your honors. May it please the court, counsel Sarah Sweeney on behalf of the excuse me, I'll start with the enhanced statutory range. I agree or the United States position is that the statutory language is clear. I want to make just a few other supporting points about that. And I'll start with the absurdity argument. It's clearly not an absurd result that Mr. Sanchez's sentence statutory maximum would be enhanced for that purpose because other conduct like that, specifically 18 USC 1470, the distribution of obscene materials to minors as a federal offense is included as something that would also lend itself to the statutory enhancement. So the idea that this result is absurd, doesn't follow with the other crimes that are included as a statutory enhancement. Ms. Sweeney, what about opposing counsel's I'm not sure which brief that at the time Mr. Sanchez was convicted, 120, military justice would have criminalized as an indecent act, consensual sexual conduct between adults. And I think that that's just not what we have here. So that doesn't give us any basis to look beyond the statute, the plain statutory language. Maybe if that were the behavior we were talking about, that might be a closer call, but here the behavior we're talking about is a precisely a piece with the other statutes that are the other bases that are included for this statutory enhancement. I also want to challenge the idea that the changes to article 120 show anything about Congress's intent with respect to 2251. And I want to challenge that because at the same time that indecent conduct was removed from article 120, Congress enacted another provision, article 120B. So article 120 remains and applies to sexual assault and rape. Article 120B, if you look at it in the UCMJ applies to the sexual assault, rape or sexual abuse of a child. And in fact, the conduct that Mr. Sanchez was convicted of as indecent conduct in 2011 would actually now fall under article 120B. It contains a provision that would penalize someone for committing a lewd act on a child, including through a computing service. So all of that's just to say that when Congress was making these changes to article 1E, I don't, you don't get here. I don't think you get here at all because I think the text is clear, but you can't discern anything about Congress's intent about what should serve as an enhancement under 2251 by looking at the changes to article 120. Because if they were, if those changes were harmonious with 2251, Congress would have amended 2251 to include article 120B. And so anyway, that's just kind of the supporting point I wanted to make about all of this. The crimes that are enhancement. And if there are no other questions on that, I then would like to turn to Judge Grant's question, which yes, yes, Your Honor, I think if 4B 1.5B applies here, which it, I think it very clearly does, all the other sentencing errors at that point would be harmless. My colleague points to the district court judge did make a statement at sentencing about, you know, noting that a nine level variance would be required. But I think it's, I don't think the record supports that she, that the district court judge may have been inclined to give an eight level variance or a seven level variance or anything like that. Because following that statement, the district court judge cataloged the bases for variance that Mr. Sanchez had, had argued at sentencing. And she found that none of them reached the level of a at all. So there wasn't one that she found would qualify as even a one level variance from the guidelines. And so because of that, I do think the error here would be harmless. Any, any errors in the other guidelines would be harmless if the pattern enhancement applies, which I think it clearly does. And I think all of, I mean, I should say, I think all of the sentencing enhancements were correctly applied. Although I know my, my colleague did not address any of those specifically in her argument. So I think that addresses my colleague's argument and I think it addresses the court's questions. If there are any other questions, I'm happy to answer them. Otherwise, we will, we will rest on our brief. I have one question. Do you think it was appropriate when the district court was considering the sadistic conduct enhancement for him to consider for the judge to consider the subjective enjoyment of Mr. Sanchez instead of kind of objectively what the factors were? Your honor? No, I don't. I don't think that that was correct. I do think it's clear that that enhancement applies to the material depicted in the four corners of the, the image. And so the conversation that the victim and Mr. Sanchez had about the activity and about how the victim, it was going to be painful to the victim. No, I don't think the district court should have considered that, but the standard is clear error. If it's clearly erroneous to apply the enhancement. And so this court can look at the other factors and find that it is that it wasn't clearly erroneous, even though the district court applied the wrong standard here. And the, the activities, you know, it was a foreign object on a minor. I would point this court to the young case, which involves a 13 year old girl and a stick. And this is a 14 year old and a, you know, two kind of objects that are not intended for any purpose like this. And I would also point to the fact that, you know, one of them was a curling iron, which of course is a device that, that heats up. And I think that these kinds of things can note a level of dangerousness, humiliation, degration, that means that it's not clearly erroneous to apply this enhancement to Sanchez's to the, to the images that were produced here. Thank you, Ms. Sweeney. Thank you. All right, Ms. Dayes, you have six minutes for rebuttal. Thank you, your honor. And first I would like to address the government's argument regarding absurdity. And as, as your honor mentioned, there is case law that indicates that a conviction for indecent acts can be based on purely consensual activities between adults. And if you, if you consider those kinds of cases, so for example, a person has been convicted for indecent acts, for engaging in consensual sexual activity where other military service members would, would be able to view that if, if they were watching. When you look at what's involved in an indecent acts conviction, it's clearly not what Congress intended in making Article 120 a which, as we can see from the record, the congressional record in 2003, it was to penalize individuals with sexual assault crimes under military law. So it was not intended to penalize entirely consensual behavior. And the relevant inquiry here is, is what, what's the result in applying an indecent acts conviction as a basis for the enhancement. And here that is absurd because Congress never intended for this. It's just outside the realm of what Congress meant for the enhancement. And then I'd also like to briefly address the sadistic enhancement. I think this court's case law is clear earlier this year in United States versus Rogers, that it is a purely objective inquiry. And here the basis for the enhancement, the district court made a credibility finding as to the victim's testimony, rather than objectively looking at the images and said, the victim indicated that it was painful, and therefore the court is going to assess the four points in the, in the sentencing transcript at page 105, lines three to five. And that is clearly the incorrect standard under this, this court's law. And here, it's not clear that it would apply based off of the objective standard that should properly be applied. And unless the court has any other questions, we would request that the court remand for further proceedings. Thank you. Thank you both. We have your case under submission. Thank you, Your Honor.